UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

        Plaintiff,

v.

JAY INSLEE, *et al.*,

        Defendants.

CASE NO. 3:24-cv-05417-TMC-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **July 30, 2024**

The District Court has referred this *pro se* prisoner action filed pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Currently before the Court for screening is Plaintiff Ryan Scott Adams's civil rights Complaint. Dkts. 1, 5-1. Upon review, the undersigned finds that the Complaint is frivolous, that Plaintiff has failed to state a cognizable claim, and that his pleading deficiencies are not curable through amendment. It is therefore recommended this action be **DISMISSED with prejudice**.

## I.    BACKGROUND

Plaintiff is currently incarcerated at Washington State Penitentiary ("WSP"), where he is serving a sentence of confinement on a state-court conviction. Dkt. 1 at 4; *State of Washington v.*

REPORT AND RECOMMENDATION - 1

*Ryan S. Adams*, Superior Court of Washington for Cowlitz County Case No. 18-1-00643-08 (filed May 16, 2018), *docket available at https://odysseyportal.courts.wa.gov/odyportal* (last accessed July 12, 2024).

The allegations in the Complaint concern Plaintiff's trial preparations, his jury trial, and his post-conviction efforts to obtain clemency from the Governor of the State of Washington. *Id.* at 4–7. Though the precise nature of his claim is difficult to follow, Plaintiff appears to allege that Defendants Governor Jay Inslee, the Attorney General for the State of Washington Robert Ferguson, and Jennifer Rhéaume (a member of the Clemency and Pardons Support Staff) are involved in a political scheme to cover-up his alleged wrongful conviction, deny him due process of law, and unlawfully continue his incarceration. *Id.* He alleges these individuals carried out their scheme by denying a petition for pardon he filed with Washington State Clemency and Pardons Board. *Id.* at 7; *see also* 9–17 (proposed exhibits pertaining to his petition for pardon).

Plaintiff states he is "not filing on the conviction. But the manner at which Offices of Government at State level interfered and have caused me more harm with no Pursuit of Justice." *Id.* at 7. He seeks $1.5 billion in compensatory damages "for every 4 months since February 2019," and states this number reflects the value of "Hostage Negotiations in Iran" and is therefore the approximate value of freedom for "all U.S. citizens." *Id.* at 8.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

1 from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios").

### III.  DISCUSSION

Plaintiff brings a single claim for relief against Defendants Jay Inslee, Robert Ferguson, and Jennifer Rhéaume, alleging violations of the Fourteenth Amendment to the United States

Constitution. Dkt. 1 at 4. This claim, which is premised on the existence of a fantastical political conspiracy, is deficient for several reasons.

First, all Defendants in this action are employed by the State of Washington, so none can be sued for monetary damages in their official capacities under 42 U.S.C. §1983. *Will v. Michigan Dep't State Police,* 491 U.S. 58, 70 (1989) (States and state officials are not "persons" who can be sued in official capacity § 1983 actions). Additionally, each Defendant is absolutely immune from suit in their individual capacities for actions taken in the context of state clemency proceedings. *Marks v. Stewart*, 68 F. App'x 53 (9th Cir. 2003) (members of executive clemency board are absolutely immune from suit) (citing *Sellars v. Procunier,* 641 F.2d 1295, 1301–04 (9th Cir. 1981)).

Next, Plaintiff alleges the dismissal of his petition for pardon violated equal protection. Dkt. 1 at 4. However, the reason for this dismissal was that Plaintiff had been incarcerated for less than ten years when he filed his petition—a policy applicable to all individuals petitioning for pardon in the State of Washington. *Id.* at 6, 10, 15; *see also* WASHINGTON STATE CLEMENCY AND PARDONS BOARD, Washington State Clemency & Pardons Board Policy Manual, *available at https://governor.wa.gov/boards-commissions/clemency-pardons-board* (last accessed June 6, 2024) ("In most cases, absent unique or emergency circumstances, the Board will not consider a Petition [for Pardon] until at least 10 years have passed from the date of conviction."). Absent any plausible allegation that he was treated differently from others similarly situated, Plaintiff has failed to state an equal protection claim. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (finding a prisoner's "failure to show that he was treated differently than any other inmates in the relevant class" was fatal to his equal protection claim).

1        Finally, even if the Court were to construe the Complaint as alleging a procedural

2 violation of the due process clause, Plaintiff lacks a protected interest in the outcome of state

3 clemency decisions. *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S. Ct.

4 2460, 2464, 69 L. Ed. 2d 158 (1981) ("[A]n inmate has 'no constitutional or inherent right' to

5 commutation of his sentence.") (quoting *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7

6 (1979)). And, without a constitutionally protected interest, Plaintiff cannot state a due process

7 claim. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) ("Due process is required only when a

8 decision of the State implicates an interest within the protection of the Fourteenth

9 Amendment.").

10        Each of these deficiencies is an independently sufficient reason to dismiss this action and

11 it is highly dubious any could be cured through amendment. Because Plaintiff's allegations are

12 frivolous and deficient in a manner not likely to be cured through amendment, dismissal without

13 providing an opportunity to amend is appropriate. *Talk v. Gillis*, 122 F.3d 1074 (9th Cir. 1997)

14 (affirming dismissal of a *pro se* prisoner claim based on state clemency procedures as frivolous)

15 (citing *Neizke*, 790 U.S. at 352).

16        **IV.     CONCLUSION**

17        Having found the Complaint to be frivolous and lacking any viable claim for relief, the

18 undersigned recommends this action be **DISMISSED with prejudice**. The undersigned notes

19 that dismissal on the recommended grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

20        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

21 shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

22 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

23 *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

24

those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 30, 2024**, as noted in the caption.

Dated this 15th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6